## MITCHELL v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. May 14, 1926.)

No. 4565.

Courts ⟨⟩ 354.

Under equity rules 5–17, setting aside of decree pro confesso is within discretion of trial court.

Appeal from the District Court of the United States for the Southern District of Florida; Lake Jones, Judge.

Suit by the United States against Thomas J. Mason and others, wherein defendant David F. Mitchell answered, praying affirmative relief. From a decree for plaintiff, said Mitchell appeals. Affirmed.

David F. Mitchell, in pro. per.

Wm. M. Gober, U. S. Atty., of Tampa, Fla.

Before WALKER and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. In this case it appears the United States filed a bill against Thos. J. Mason and Geo. H. Mason, administrators of the estate of Harry Mason, who died November 5, 1919, to collect an estate tax amounting to $21,030.34, and assessed against said administrators. The bill set up a lien on certain described real estate, situate in Duval county, Fla., and alleged the failure of the administrators to pay the tax and the inability of the government to locate any personal property of the estate sufficient to satisfy the claim. The bill further alleged that a number of named persons, including appellant, claimed liens on or an interest in the property, and prayed for a sale of same and an adjudication of the various interests.

Appellant answered the bill, set up superior title in himself, and asked for affirmative relief as against plaintiff and his co-defendants. No reply was filed by any one to this answer, and in due course appellant took a pro confesso. This was subsequently set aside by the District Court, replications were filed, and the case put at issue. Thereafter a final decree was entered in favor of

plaintiff, allowing the claim of the United States as a superior lien on the property.

The assignments of error are inartificially drawn, as might be expected when a layman, no matter how intelligent, is forced by necessity to act as his own lawyer. However, we have given the case careful and sympathetic consideration. Summed up, the contention of appellant is that the District Court was wrong in overruling his motion to dismiss the bill, in setting aside the pro confesso, and therefore also wrong in not entering a final judgment in his favor thereon, and in entering a final judgment in favor of plaintiff.

Of course, the setting aside of the pro confesso was within the sound discretion of the District Court. Equity rules 5–17. On the merits, appellant has failed to show any title in himself when the bill was filed.

Affirmed.